IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 13-cv-03472 REB-MJW

JANET JOHNSTON and
MARY CLAY,

    Plaintiffs,

v.

THE CITY OF COLORADO SPRINGS, a Colorado municipality,

    Defendant.

## PROTECTIVE ORDER ( Docket No 21-1 )

This matter comes before the Court on the parties' Stipulated Motion for Entry of Protective Order. The Court has reviewed that Motion. The Motion is meritorious and acceptable. Therefore, IT IS ORDERED:

    1.    This Protective Order is entered to expedite the flow of information between the parties and adequately protect material entitled to be kept confidential.

    2.    The parties have requested that a Protective Order be entered to help safeguard documents that are entitled to be treated as confidential or privileged including, but not limited to, personnel and/or payroll records of current or former employees of Defendant; Defendant's trade secrets or other confidential research, development or commercial information; other confidential information of Plaintiffs and

other employees of the Defendant; and information that implicates a privacy right, information protected by privacy statute or protected under common law, and other recognized protections. By production of documents that have been designated as confidential or by providing testimony pursuant to this Order, the parties do not waive, but rather expressly reserve any and all legal rights, obligations, privileges, or immunities applicable to such documents and any corresponding testimony.

3. Documents which are produced by either the Plaintiffs or Defendant in response to any voluntary disclosure or discovery request and which the party deems is "Confidential Information" shall be known and designated as such.

4. The parties, when seeking the protection of this Order as to information contained in any document or tangible thing shall, at the time of production, identify the documents which are confidential and mark each document or thing (or copy thereof) with a legend in substantially the following form:

**"Confidential" or "Confidential Material"**

or shall otherwise mark the document or thing in a way that brings to the attention of a reasonable examiner the request for confidential treatment. Documents and things designated as Confidential shall be marked so as to plainly state such designation. Matters that include, *inter alia*, interrogatory answers, responses to requests for admission, deposition transcripts, videotapes, exhibits, pleadings, motions, affidavits and briefs that quote, summarize or contain Confidential Information, must also be stamped or marked accordingly. To the extent any documents previously produced or

other information previously disclosed is considered by the producing or disclosing party to be entitled to protection under this Order, the party may identify such information in writing to counsel and such information will be treated as "Confidential Information." All designation of documents and material as "Confidential" shall be done in good faith and by the attorney(s) of record, or a paralegal that is familiar and knowledgeable with the terms of this Order.

5. Inadvertent failure to designate any document or material as Confidential will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within ten (10) business days after discovery of the inadvertent failure.

6. The designation of confidentiality provided for in this Order does not expand the basis for any claim of confidential, proprietary information or privilege, but is a mechanism for making and expediting the exchange or production of documents and things that would, or could, be classified as documents and things entitled to protection pursuant to statute or case law. The burden of demonstrating that Confidentiality or privilege applies shall be on the party making the designation.

7. All Confidential Information obtained by any party from another party during the course of this matter, shall be used only for purposes of this matter, and shall not be used for any other purpose.

8. The inadvertent or unintentional production of documents or information containing, or other disclosure of, privileged information or information constituting

attorney work product shall not be deemed a waiver in whole or in part of a party's claim of privilege or work product protection, either as to the specific document or information disclosed or as to any other document or information relating to it or on the same or a related subject matter. Each party shall return documents or other information with respect to which another party asserts a claim of privilege in writing or on the record. Upon receiving a notice of such a claim as to specific documents or information, the returning party shall return the documents or information within five (5) calendar days regardless of whether the returning party agrees or disagrees with the claim of privilege. Under Rule 502(d) of the Federal Rules of Evidence, the privilege or protection is not waived by disclosure connected with the litigation pending before this Court, and the disclosure is also not a waiver in any other Federal or State proceeding.

9. Except as provided in subparagraphs 9(i) - (viii) below, no Confidential Information may be disclosed to any person without the prior written consent of the party designating the information as Confidential, or as expressly permitted by this Order. Nothing in this Order shall prevent either party from disclosing or using its own Confidential Information. Confidential Information **may only** be disclosed to:

(i) Court reporters and persons operating video recording equipment at depositions in this action;

(ii) Counsel who have appeared of record for a party in this action and partners, associates, legal assistants or other employees of such counsel assisting in the prosecution or defense of this action, and other employees of such counsel;

(iii)  The parties, including designated representatives for Defendants;

(iv)  Persons retained by the parties or their attorneys to assist in the prosecution or defense of this case (including investigators, consultants or expert witnesses);

(v)  Any person who testifies at deposition or at trial in this proceeding;

(vi)  Persons who will make or assist in making decisions on the case resolution or settlement;

(vii)  The Court and its employees ("Court Personnel"); and

(viii)  Other persons by written agreement of the parties.

10.  In addition to any Affidavit requirements set forth above, prior to a party's counsel disclosing Confidential Information to persons described in subparagraphs 9(i) - (viii) above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), that party's counsel shall: (i) apprise the person(s) of the confidential nature of the information; (ii) apprise such person(s) of the terms and obligations of this Order; (iii) apprise such person(s) that there is limited use of such information by such person(s) for purposes of this matter and that further disclosure should not occur; and (iv) deliver a copy of this Order to such a person(s).

Prior to a party's counsel disclosing Confidential Information to persons described in subparagraphs 9(iv) or 9(v), the disclosing party shall, in addition to the requirements contained in the preceding paragraph, obtain a written agreement signed and dated by such persons which states substantially the following:

The undersigned hereby acknowledges that he/she has read

-5-

the terms of the Protective Order, understands the terms thereof, and agrees to be bound by those terms. The undersigned shall keep the material and/or information within his/her exclusive possession and shall not use or disclose it other than as authorized. The undersigned understands that the pledge of secrecy under this Order continues after this action is terminated.

Each of the parties' counsel to this action shall at all times retain custody and control of all Confidential Information through and beyond termination of this action. Nothing herein shall be deemed as restricting counsel for any party from making copies as required for use in their own offices or for such person(s) enumerated in subparagraph 9(i)-(viii), or for use during examination of witnesses, but *only* for purposes of this action.

11. Any pleadings, exhibits or filings which contain CONFIDENTIAL information, or testimony designated as CONFIDENTIAL, shall be filed under ~~seal~~ Restricted Access with the Court in accordance with D.C.COLO.LCivR 7.2 and the Court's "Electronic Case Filing Procedures for the District of Colorado." Prior to disclosure at trial or a hearing regarding CONFIDENTIAL information, the parties may seek further protections against public disclosure from the Court. [MJW 3-25-14]

12. In the event any Confidential Information is used in any pretrial proceeding, including deposition, such information shall not lose its confidential status through such use, and the parties shall take all steps reasonably required to protect the confidentiality of such information during its use.

13. A party may object to the designation of particular CONFIDENTIAL

information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

14. The provisions of this Order (and any supplements, amendments or modifications thereof) concerning the use and disclosure of Confidential Information and otherwise safeguarding the confidentiality of Confidential Information of the parties shall continue in effect after the conclusion of this action.

Nothing contained in this Order shall affect the rights, if any, of either party to make any other type of objection, claim or other response to any subsequent discovery, request, subpoena, or any question at a deposition, nor shall this Order be construed as

a waiver by either party of any legally cognizable privilege to withhold any document or information, or of any right which such party may have to assert such privilege at any stage of the proceedings.

15. Within 30 days of the conclusion of this action including appeals therefrom, all information designated as Confidential Information within the meaning of this Order, and each copy, summary or excerpt thereof, shall be returned to the designating party or to its counsel. As an alternative, counsel may agree in writing to destroy all copies of such confidential information.

16. For good cause shown, any party may seek to have this Order modified or vacated, first by an attempt to obtain the consent of every other party to such modification or termination, and then, absent consent, must be approved by application to the Court. No party shall seek to have this Order modified or vacated without providing the other parties timely notice.

17. The Parties stipulate and consent to making this Order an Order of the Court.

DATED this 25TH day of MARCH, 2014.

**SO ORDERED:**

_____

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

-8-