IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  13-cv-03472-REB-MJW

JANET JOHNSTON and
MARY CLAY,

Plaintiff(s),

v.

THE CITY OF COLORADO SPRINGS, a municipality in the State of Colorado,

Defendant.

---

**ORDER REGARDING
DEFENDANT'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF
DEFENDANT'S PARTIAL MOTION TO DISMISS [DOC. 25] (DOCKET NO. 27)**

---

**Entered by U.S. Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant's Motion to Stay Discovery Pending Resolution of Defendant's Partial Motion to Dismiss [docket no. 25] (docket no. 27). The court has reviewed the subject motion (docket no. 27), the response (docket no. 32), and the reply (docket no. 38).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1.    That I have jurisdiction over the parties to this lawsuit;

2.    That venue is proper in the state and District of Colorado;

2

3.    That each party has been given a fair and adequate opportunity to
be heard;

4.    That the Federal Rules of Civil Procedure do not expressly provide
for a stay of proceedings.  See String Cheese Incident, LLC v.
Stylus Shows, Inc., 02–CV–01934–LTB–PA, 2006 WL 894955, at
*2 (D. Colo. March 30, 2006) (unpublished).  Federal Rule of Civil
Procedure 26 does, however, provide that "[a] party or any person
from whom discovery is sought may move for a protective order in
the court where the action is pending . . . .  The court may, for good
cause, issue an order to protect a party or person from annoyance,
embarrassment, oppression, or undue burden or expense . . . ."
Fed. R. Civ. P. 26(c).


Moreover, "[t]he power to stay proceedings is incidental to the
power inherent in every court to control the disposition of the
causes on its docket with economy of time and effort for itself, for
counsel, and for litigants.  How this can best be done calls for the
exercise of judgment, which must weigh competing interests and
maintain an even balance."  Landis v. North Am. Co., 299 U.S. 248,
254–55 (1936) (citing Kansas City S. Ry. Co. v. United States, 282
U.S. 760, 763 (1931)).  An order staying discovery is thus an
appropriate exercise of this court's discretion.  Id.

3

A  stay of all discovery is generally disfavored.  Bustos v. United

States, 257 F.R.D. 617, 623 (D. Colo. 2009).  Courts have

routinely recognized that discovery may be inappropriate while

issues of immunity or jurisdiction are being resolved.  See, e.g.,

Siegert v. Gilley, 500 U.S. 226, 231–32 (1991) (noting that

immunity is a threshold issue, and discovery should not be allowed

while the issue is pending); Workman v. Jordan, 958 F.2d 332, 336

(10th Cir. 1992) (same).  Similarly, a stay may be appropriate if

"resolution of a preliminary motion may dispose of the entire

action."  Nankivil v. Lockheed Martin Corp., 216 F.R.D. 689, 692

(M.D. Fla. 2003).  See Vivid Techs., Inc. v. American Science &

Engineering, Inc., 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a

particular issue may be dispositive, the court may stay discovery

concerning other issues until the critical issue is resolved.").

When considering a stay of discovery, this court has considered the

following factors: (1) the plaintiff's interests in proceeding

expeditiously with the civil action and the potential prejudice to

plaintiff of a delay; (2) the burden on the defendants; (3) the

convenience to the court; (4) the interests of persons not parties to

the civil litigation; and (5) the public interest.  See String Cheese

Incident, 2006 WL 894955, at *2;

5.      That here, the Defendant seeks to stay all discovery pending

4

resolution of its Partial Motion to Dismiss Second Amended

Complaint (docket no. 25).   Defendant further argues that the

String Cheese factors favor a stay;

6.      That as to the first and second String Cheese factors, the court

recognizes that Plaintiff has an interest in proceeding expeditiously.

The court recognizes that there is certainly a burden on Defendants

if a stay is not put in place.  In weighing these two factors, I find that

these two factors weigh in favor of Plaintiff, noting that docket no.

25 is a "Partial Motion to Dismiss," and even if granted, discovery

would still need to proceed;

7.      That as to the third String Cheese factor, the court does have an

interest in managing its docket by seeing the case proceed

expeditiously.

8.      That finally, neither the interest of nonparties nor the public interest

in general weigh heavily in either direction; and

9.      That accordingly, on balance, the court finds that a stay of

discovery is not warranted.

## ORDER

WHEREFORE, based upon these findings of fact and conclusions of law this

court ORDERS:

1.      That Defendant's Motion to Stay Discovery Pending Resolution of

Defendant's Partial Motion to Dismiss [docket no. 25] (docket no.

5

27) is **DENIED**; and

2.     That each party shall pay their own attorney fees and costs for this

motion.

Done this 15th day of May 2014.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE